PAUL B. BEACH, State Bar No. 166265
pbeach@lbaclaw.com
JAMES S. EICHER, State Bar No. 213796
jeicher@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
100 West Broadway, Suite 1200
Glendale, California 91210-1219
Telephone No. (818) 545-1925
Facsimile No. (818) 545-1937

Attorneys for Defendants
County of Ventura, Ventura County Sheriff's Office
and Ventura County Sheriff Geoff Dean

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL HENDERSON, an individual, | Case No. CV 15-04062 DSF (PLAx) |
| Plaintiff, | Magistrate Judge Paul L. Abrams |
| vs. | |
| COUNTY OF VENTURA, VENTURA COUNTY SHERIFF'S OFFICE; VENTURA COUNTY SHERIFF GEOFF DEAN, CALIFORNIA FORENSIC MEDICAL GROUP, and DOES 1-10, inclusive, | **PROTECTIVE ORDER RE CONFIDENTIAL MATERIALS** |
| Defendants. | |

Having reviewed and considered the Parties' Stipulation for Protective Order governing Confidential Information produced during discovery, good cause showing therein, IT IS SO ORDERED:

1. <u>Plaintiff</u>. Plaintiff is Daniel Henderson (hereinafter "Plaintiff").

2. <u>Defendants</u>. Defendants are County of Ventura, Ventura County Sheriff's Office, Ventura County Sheriff Geoff Dean (hereinafter "County Defendants") and California Forensic Medical Group (hereinafter "Defendant CFMG").

1

Plaintiff and Defendants are collectively referred to hereinafter as "the Parties".

3.   <u>Disclosing Party.</u>  Disclosing Party shall refer to County Defendants.

4.   <u>Receiving Party.</u>  The Receiving Parties are the Plaintiff and Defendant CFMG and their agents as set forth in Paragraph Nos. 17 and 18 of this Protective Order.

5.   <u>Case Summary.</u>  This case arises from Plaintiff's allegations that Defendants violated his rights based on a June 15, 2014 incident involving Plaintiff at the Ventura County Jail.

6.   <u>Good Cause Statement and Confidential Materials.</u>  County Defendants anticipate that during discovery in this action they will exchange documents, items, or materials and other information that contain sensitive and confidential information that derives actual or potential value from not being generally known to the public and are the subject of reasonable efforts to maintain their confidentiality.  Defendants believe, in good faith, that these documents and/or writing are protected by the Official Information Privilege, the right to privacy guaranteed in Federal Constitution, First Amendment and California Constitution, Article I, Section I, and various California Government, Penal, and Evidence Code sections, and thus protected from disclosure.  This will be accomplished by affixing to such document or writing a legend, such as "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or words of similar effect.  Documents and writings so designated, hereinafter, collectively, ("Confidential Information"), shall be treated in accordance with the terms of this stipulation/protective order.  Documents, writings and things to be designated as such, include the following:

   a)   Any material relating to the criminal investigation of the June 15, 2014 incident involving Plaintiff at the Ventura County Jail;

   b)   Any material relating to the housing of Plaintiff at the Ventura

1 County Jail;

2      c)   Any material containing sensitive and/or private information regarding third parties housed at the Ventura County Jail at or near the time of the incident.

7. <u>Interests In Favor Of Protective Order.</u>  This Order is necessary to expedite discovery, while maintaining confidential and private information of Defendants and third parties, and it is necessary to protect parties or persons from annoyance, embarrassment, oppression, or undue burden or expense.  Further, disclosure of such information without a protective order may compromise the safety of third parties.

8. <u>Stipulation.</u>  The Parties are entering into this Stipulation for Protective Order to protect against any improper disclosure or risk of circumvention of law that might result from disclosure of sensitive and confidential information as described in this Order.  To informally resolve this discovery matter, the Parties have agreed to this Stipulation for Protective Order that carefully limits the use and dissemination of the Confidential Information.

9. <u>Confidential Information.</u>  This Protective Order shall apply to all Confidential Information, produced by Disclosing Party to the Receiving Party.  The Confidential Information may be contained in originals and copies of relevant interrogatory responses obtained from Disclosing Party in this matter; originals and copies of relevant documents responsive to requests for production of documents obtained from the Disclosing Party in this matter; and originals and copies of transcripts, video recordings, and audio recordings of any deposition taken in this matter during which the Confidential Information is used, mentioned, reviewed, discussed, and/or referred to.  The Confidential Information shall be subject to this Protective Order as follows:

10. <u>Storage Of Confidential Information.</u>  Immediately upon production by the Disclosing Party, attorneys for the Receiving Party shall personally secure

1 and maintain the Confidential Information in their possession.  The Confidential
2 Information shall not, under any circumstances, be left in an open or unsecured
3 location where unauthorized persons (such as unauthorized employees of counsel,
4 cleaning personnel, etc.) might have access to them.

5       11. <u>Confidential Information Legend.</u>  All documents containing
6 Confidential Information shall be stamped "CONFIDENTIAL" or
7 "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or words of similar
8 effect.  Such stamp shall not obscure the document.

9       12. <u>Limitation Of Use Of Confidential Information.</u>  Attorneys for the
10 Receiving Party shall not cause or knowingly permit disclosure of the contents of
11 the Confidential Information, in any manner, including orally, beyond the
12 disclosure permitted under the terms and conditions of this Order.  Any such
13 disclosure shall be construed as a violation of this Order, except when used for
14 purposes of this litigation as described in Paragraph Nos. 15 and 16 of this
15 Protective Order.

16       13. <u>Testimony Regarding The Confidential Information.</u>  In the case of
17 depositions, any party may designate all or any portion of the deposition
18 testimony given regarding the Confidential Information in this litigation as
19 Confidential Information orally during the deposition.  Any questions intended to
20 elicit testimony regarding the contents of the Confidential Information shall be
21 conducted only in the presence of persons authorized to review the Confidential
22 Information as provided in this Order.  Any deposition transcript containing such
23 questions and testimony shall be subject to the same protections and precautions
24 applicable to the Confidential Information.  During any depositions, witnesses,
25 along with their attorneys, may review Confidential Information only where
26 disclosure is reasonably necessary provided: (1) the deposing party requests that
27 the witness sign the written statement set forth in Paragraph No. 18 below; and
28 (2)  they will not be permitted to keep any confidential information reviewed.

4

Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Information may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

14. <u>Inadvertent Disclosure.</u> If the Disclosing Party inadvertently produces any Confidential Information without designating it as such, it may be remedied by (1) promptly notifying the other parties of the error; and (2) providing a substitute copy of the Confidential Information with a proper legend. In that event, the Receiving Parties who have obtained inadvertently produced undesignated Confidential Information will: (1) return the previously produced Confidential Information and destroy all copies thereof; and (2) if the Receiving Party has already disseminated the Confidential Information to any person, the Receiving Party will notify all such persons the information was disseminated to the Confidential Information in writing of the need to return such Confidential Information and not to further disseminate it. This provision applies to any and all Confidential Information produced to the Receiving Party.

15. <u>Limitations On The Non-Litigation Use Of Confidential Information.</u> The confidentiality of the Confidential Information received from Defendants during discovery in this action shall be maintained, and all Confidential Information exchanged will be used solely for the litigation of this entitled action. Specifically, the Receiving Party may not use such documents, records, or other information (or the contents thereof) for any other purpose, including use as background material, or for inclusion in books, magazines, newspapers, or other publications. The Receiving Party is prohibited from placing any of the Confidential Information on the Internet.

16. <u>Court Filings.</u> If necessary in the judgment of attorneys for Receiving Party, said attorneys may show or reveal the contents of the Confidential Information to the court only pursuant to Local Rule 79-5 or Ninth

Circuit Rule 27-13. Good Cause must be shown for any under seal filing. If a party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court. Receiving Party will inform the Court and Parties of any Confidential Information it intends to present during trial so appropriate measure may be considered by the Court that may be necessary to protect the Confidential Information. Receiving Party's presentation of Confidential Information during trial will not require compliance with the written consent as set forth in Paragraph No. 18 below.

17. <u>Other Persons Authorized To Review Confidential Information.</u> The Receiving Parties' attorneys of record may review copies of the Confidential Information covered by this Order. Also, Defendants, including officers, directors, employees, authors of documents containing Confidential Information, and experts thereof may be permitted to review the Confidential Information. In addition, in the course of this litigation, it may become necessary for Confidential Information to be disclosed to the Court and its personnel, court reporters and their staff, along with any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions. Additionally, expert witnesses and other individuals and entities that may be employed or retained by the Receiving Party to assist in the preparation and/or the litigation of this action may be permitted to see originals and obtain copies of the Confidential Information covered by this Order, provided such experts and employees have first executed the written statement set forth in Paragraph No. 18 below, and comply with the provisions of that section. Moreover, professional jury or trial consultants, mock jurors and professional venders to whom disclosure is reasonably necessary for this action may be permitted to review Confidential Information covered by this Order, provided such individuals have first executed the written statement set forth in Paragraph

No. 18 below, and comply with the provisions of that section.  Counsel for Receiving Parties shall insure the enforcement of this protective order on their office staff, including, but not limited to, paralegals and secretaries.  The Parties' attorneys may review the Confidential Information with the Parties they represent subject to the limitations set forth in Paragraph 19.

18. <u>Applicability Of Order To Other Persons.</u>  Prior to the disclosure of any Confidential Information to any person described above, attorneys for the Receiving Party who seeks to use or disclose such Confidential Information shall first provide any such person with a copy of this Order, and shall cause him or her to execute the following acknowledgment:

> "I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in this action and hereby agree to comply with and be bound by the terms and conditions of the said Order with respect to the handling, use and disclosure of each Confidential Document.  I understand that I may be subject to penalties for contempt of Court if I violate this Order and hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.
>
> Dated: _____ /s/_____"

This written requirement applies to, but is not limited to, expert witnesses and other individuals and entities that may be employed or retained by the Receiving Party's counsel to assist in the preparation and/or the litigation of this action, and includes all individuals identified in Paragraphs 13 and 17 above.  The Receiving Party shall be responsible for maintaining the signed original of each such written statement until the conclusion of these proceedings, including any appeal.

19. <u>Plaintiff's Possession of Materials.</u>  Plaintiff may not have

possession of any Confidential Information, or material derived therefrom. Further, Plaintiff's attorneys or agents may not show, reveal, or communicate to Plaintiff or, in any other way, share with Plaintiff any of the Defendants' personal identification information, including, but not limited to, addresses, phone numbers, and family relations.

20. <u>No waiver of objections.</u>  Nothing in this Stipulation and Order constitutes any decision by the Court concerning discovery disputes or the admission into evidence of any specific document or testimony or liability for payment of any costs of production or reproduction of documents.  This Order also does not constitute a waiver by any party of any right to object to discovery or admission into evidence of any document, record, testimony or other information that is subject to this Order.  Nor do Defendants waive any privileges, including, but not limited to, the investigatory files or official information privileges, *see, e.g.*, *Weiner v. FBI*, 943 F.2d 972, 985 (9th Cir. 1991), or *Miller v. Pancucci*, 141 F.R.D. 292 (C.D. Cal. 1992), by entering into this stipulation.

21. <u>Subpoena for Confidential Information.</u>  In the event that the Receiving Party receives a subpoena, discovery request, or other legal process seeking production of Confidential Information, the Receiving Party must give prompt written notice to the Disclosing Party.  The Receiving Party shall inform the person or entity seeking the information of the existence of this Stipulation and Order and shall not produce the Confidential Information absent a Court Order requiring such production.

22. <u>Modification.</u>  For good cause, any party may seek a modification of this Order, first by attempting to obtain the consent of the other parties to such modification, and then, absent consent, by application to this Court.

23. <u>Challenging Confidential Designation.</u>  Receiving Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  The written notice must

recite that the challenge to confidentiality is being made in accordance with this paragraph of the Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring within 14 days of the date of service of notice. In conferring, Receiving Party must explain the basis for its belief that the confidentiality designation was not proper and must give Defendants an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. Receiving Party may seek judicial intervention only after engaging in this meet and confer process. Local Rule 37 must be followed in presenting a dispute to the Court.

24. <u>Return of Confidential Information.</u> No more than thirty (30) calendar days after the conclusion of this case the Receiving Party and every other person and/or entity who received originals or copies of the Confidential Information shall return all originals, copies of the Confidential Information, and material derived therefrom, including, but not limited to, all log(s) of persons authorized to review the protected documents and the written statement(s) acknowledging the terms and provisions of this Order pursuant to Paragraph No. 18 of this Order, to the Disclosing Party care of:

> Paul B. Beach, Esq.
> James S. Eicher Jr., Esq.
> Lawrence Beach Allen & Choi, PC
> 100 West Broadway, Suite 1200
> Glendale, California 91210-1219

Alternatively, the Receiving Party and every other person and/or entity who received originals or copies of the Confidential Information may destroy all such material and material derived therefrom within thirty (30) calendar days after the conclusion of this case. Additionally, within thirty (30) calendar days after the conclusion of this case, counsel for the Receiving Party shall send a signed declaration stating that such material has been destroyed pursuant to this

1  Protective Order.  This case has concluded when (i) a final judgment has been
2  entered by the Court or the case has otherwise been dismissed with prejudice; (ii)
3  the time for any objection to or request for reconsideration of such a judgment or
4  dismissal has expired; (iii) all available appeals have concluded or the time for
5  such appeals has expired; (iv) any post-appeal proceedings have themselves
6  concluded; or (v) after payment of monies due, if any, to Plaintiff and/or his
7  attorneys, whether via judgment, settlement or otherwise.

8  25.  Survivability Of This Protective Order.  This Stipulation and
9  Protective Order shall survive the termination of this action, and the Court shall
10 retain jurisdiction to enforce it.

11 IT IS SO ORDERED.

13 Dated: October  13 , 2015
   _____
   Honorable Paul L. Abrams
   United States Magistrate Judge

10